UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
GREGORY MORENCY,                              :
                                              :     **MEMORANDUM AND ORDER
                        Petitioner,           :     ADOPTING REPORT AND
                                              :     RECOMMENDATION**
        -against-                             :
                                              :     14-CV-672 (DLI) (ST)
ANTHONY J. ANNUCCI, Commissioner,             :
Department of Corrections and Community       :
Supervision,                                  :
                                              :
                        Respondent.           :
----------------------------------------------------------- x

**DORA L. IRIZARRY, Chief U.S. District Judge:**

Petitioner Gregory Morency ("Petitioner") timely brings this petition for a writ of *habeas corpus* ("Petition") pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. (Dkt. Entry No. 1.) Petitioner was convicted of first degree manslaughter, second degree criminal possession of a weapon, and four counts of endangering the welfare of a child after trial in the Supreme Court of the State of New York, Kings County. On appeal, the Appellate Division modified Petitioner's sentence so that the three-and-a-half-year term of imprisonment for the weapons conviction would run concurrently with the fifteen-year term of imprisonment for the manslaughter conviction. Petitioner challenges his conviction on the grounds that he was denied: (1) his due process constitutional right to a fair trial relating to the presentation of the Government's expert testimony and animated video, and (2) effective assistance of counsel. On March 20, 2017, the Hon. Steven L. Tiscione, U.S. Magistrate Judge, issued a Report and Recommendation ("R & R") recommending that the Petition be denied. (*See*

1

R & R, Dkt. Entry No. 18.)[1] Petitioner timely objected. (*See* Objection, Dkt. Entry No. 19.) For the reasons set forth below, the R & R is adopted in its entirety and the Petition is denied.

## BACKGROUND

Petitioner's conviction arose from the fatal shooting of his girlfriend, Claribel Hernandez ("Hernandez"), on January 7, 2008 at their shared Brooklyn apartment. (*See* Morency's Amended Habeas Petition ("Am. Pet." or the Amended Petition) at 3, Dkt. Entry No. 6.) On the day of the shooting, police found Petitioner and Hernandez in their bedroom, both injured from gunshot wounds. (*Id.*) Hernandez, who was shot in the leg, pelvis, abdomen, and breast, died from her injuries. Petitioner was shot in the leg, groin, stomach, and neck. (*Id.*)

When the police arrived at the apartment, Petitioner made three statements to the police: (1) Hernandez had ordered Petitioner to move out of the apartment; (2) Hernandez removed the gun from underneath their mattress, pointed it at Petitioner, and again ordered him to leave; and (3) when Petitioner tried to disarm Hernandez, they both were shot as they struggled over the gun. (*Id.; See* also Respondent's Opposition to Petition ("Resp.'s Opp."), Ex 1 ("Trial Tr.") at 13-14, Dkt. No. 15-1.[2])

During trial, the Government moved to admit a computer-generated animated video depicting a reenactment of the crime as demonstrative evidence in support of its case. (Trial Tr. at 27-38.) Petitioner's counsel objected to the admission of the animated video, arguing that the video was speculative. (*Id.* at 30-38.) The trial court granted the Government's application to admit the animated video, holding that there could be cross-examination about the animated video, that it

---

[1] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* R & R.)

[2] Citations to "Trial Tr." refer to the trial transcript of the jury trial in New York Supreme Court, Kings County, and citations to "Sentencing Tr." refer to the sentencing proceedings in the same court.

2

was "merely a form of demonstrative evidence, and an aid in helping the jury to understand the testimony of the shooting reconstructionist." (*Id.* at 38.)

At trial, defense counsel asserted that Petitioner acted in self-defense. (*Id.* at 495-96.) The Government called its crime scene reconstruction expert, Edward Hueske ("Hueske"), and introduced the animated video of the shooting to disprove the self-defense claim. (*Id.* at 394-471, 351-53.) Defense counsel did not object to Hueske's testimony. (Am. Pet. at 32.)

The jury found Petitioner not guilty of murder, but convicted him of first degree manslaughter, second degree criminal possession of a weapon, and four counts of endangering the welfare of a child. (Trial Tr. at 868-72.) Petitioner was sentenced to a fifteen-year term of imprisonment for manslaughter in the first degree and a three-and-one-half-year term for criminal possession of a weapon in the second degree. (Sentencing Tr. at 139.)

Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), which was affirmed on March 12, 2012. *See People v. Morency*, 93 A.D.3d 736 (2d Dep't 2012). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied on November 5, 2012. *See People v. Morency*, 20 N.Y.3d 934 (2012). On January 28, 2014, Petitioner filed a motion pursuant to C.P.L. § 440.10 in the New York Supreme Court, Kings County (hereinafter referred to as the "440 court"), arguing that he had received ineffective assistance of trial counsel. (Pet.'s Supp. Mem. at 2.) The 440 court denied Petitioner's motion on September 3, 2014. (*Id.*) Petitioner sought leave to appeal to the Appellate Division on December 31, 2014. (*See* Pet.'s Supp. Mem., Ex. O at 82-106, Dkt. No. 13-2[3].) The Appellate Division subsequently denied Petitioner's motion for leave on April 10, 2015. (*See* Pet.'s Supp. Mem., Ex. P at 184, Dkt. No. 13-2.) Petitioner sought leave to reargue his prior

---

[3] All page citations to the exhibits attached to Pet.'s Supp. Mem refer to the pagination generated by the Court's electronic docketing system and not the documents' internal pagination.

application for leave to appeal, which also was denied. (*See* Pet.'s Supp. Mem., Ex. Q at 186-94, 211, Dkt. No. 13-2.)

## **DISCUSSION**

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

As set forth in the R & R, the magistrate judge found that Petitioner's due process violation claim based on the Government's presentation of expert testimony was procedurally barred because Petitioner failed to object to the testimony, and the animated video properly was admitted under state law. (R & R at 9-17.) The magistrate judge found that Petitioner's ineffective assistance of counsel § 440.10 claim was not procedurally barred (the Appellate Division applied a "narrow" holding) and reviewed the merits *de novo*. (R & R at 19-21). However, the magistrate judge found Petitioner's claim meritless under *Strickland v. Washington*, 466 U.S. 668, 719 (1984). (R & R. at 22-35.)

Petitioner objected to the R & R, contending that the magistrate judge: (1) failed to consider the totality of the circumstances pertaining to the expert testimony because Petitioner's defense counsel did object, though not directly, to the expert testimony when he objected to the animated video; (2) failed to excuse the procedural bar based on cause or prejudice, and Petitioner would suffer a miscarriage of justice if not excused; (3) should have recommended that the animated video was improperly admitted; and (4) failed to apply the *Strickland* analysis to the § 440.10 claim for ineffective counsel adequately. (Obj. at 2-13.)

The Court has reviewed the record, the relevant case law, the R & R, and Petitioner's objections to the R & R. Many of the objections consist of restatements of the arguments raised in the Petition. It is clear from review of the magistrate judge's thorough and well reasoned R & R that the magistrate judge disposed of each of Petitioner's claims appropriately, supporting his findings with abundant factual and legal support.

### A. Failure to Object to the Government's Expert Testimony

Petitioner objects to the magistrate judge's application of *Cotto v. Herbert*, 331 F.3d 217 (2d Cir. 2003), in finding that Petitioner's claim is procedurally barred. (Obj. at 2; *See* R & R at 10-13). Petitioner contends that defense counsel failed to object to Hueske's testimony because when counsel objected to the animated video earlier, on the identical grounds, the court overruled the objection. Petitioner supports his argument with state case law, which "recognizes that when a defense counsel has objected to an issue in one context and loses, he need not repeat that losing argument in another context in order to preserve the issue there." (Obj. at 2-3.) Petitioner asserts that, even though defense counsel did not name Hueske in his objection to the animated video, counsel nevertheless objected to the scientific foundation of the video, which is related to Hueske's testimony. (Obj. at 4-5.)

The procedural bar rule precludes consideration of a claim, raised in a *habeas* petition, based on defaults in compliance with state procedural rules. *Cotto*, 331 F.3d at 239. To determine if the procedural bar is "adequate," the court may consider several "guideposts," including: (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Id.* at 240 (internal quotation marks omitted).

First, Petitioner acknowledges that defense counsel did not mention Hueske specifically in his objection. (Obj. at 2; *See* R & R at 12.) In light of this, the objection has "no bearing [] because

6

the failure altogether to raise an issue cannot be actually relied on because no court has been notified that the issue even exists." (*Id.* at 10.)

Second, Petitioner cites state case law in which the trial courts are aware of a specific objection. (R & R at 11.) That is not the case here. Rather, this case is more analogous to *People v. Gill*, where failure to make a specific objection was a direct procedural bar to petitioner's claim. *See People v. Gill*, 54 A.D.3d 965 (2d Dep't 2008).

Third, Petitioner alleges that defense counsel objected to the animated video, but fails to indicate whether or how defense counsel apprised the court of Petitioner's concerns regarding Hueske's testimony. (R & R at 12.) Petitioner objects to the magistrate judge's interpretation of what the court meant when it asked defense counsel if he objected to the "bona fides of the expert." The magistrate judge interpreted the "bona fides of the expert" as an invitation to object to the scientific foundation of the testimony, and not an invitation to object solely to the credentials of the expert. However, regardless of what defense counsel thought the court meant, the fact of the matter is that defense counsel did not, at any point during the trial, object to Hueske's testimony. (R & R at 13.) Therefore, the magistrate judge properly applied *Cotto*, and the claim is procedurally barred.

**B.     No Cause and No Miscarriage of Justice to Excuse Procedural Bar**

Next, Petitioner objects to the magistrate judge's refusal to excuse the procedural bar for cause. (Obj. at 5.) Ineffective assistance of counsel can constitute cause to overcome the procedural bar. (R & R at 13.) Here, the magistrate judge concluded that Petitioner's ineffective assistance of counsel claim did not constitute cause under *Strickland*. (*Id.*)

Petitioner objects to the magistrate judge's reading of *Ege v. Yukins*, 485 F.3d 364 (6th Cir. 2007). Petitioner asserts *Ege* is analogous because the expert testimony there was "speculative and

7

unreliable." (Obj. at 5.) However, Petitioner fails to recognize that, unlike in *Ege*, Hueske's conclusions were based on record evidence and not statistical conclusions. (R & R at 34.) As the magistrate judge's analysis is correct, this Court does not find cause to excuse the procedural bar.

Petitioner also objects to the magistrate judge's finding that there is no miscarriage of justice to excuse the procedural bar. (Obj. at 6.) Petitioner argues that, but for Hueske's testimony, no reasonable juror would have convicted him. Therefore, the Court's refusal to excuse the procedural bar would result in a fundamental miscarriage of justice. (*Id.*) Petitioner ignores that the Government's evidence did not consist of Hueske's testimony alone. Rather, the Government introduced ballistics evidence, witnesses, and police officer statements. (Am. Pet. at 4-29.) Moreover, to demonstrate a miscarriage of justice, Petitioner must establish that he is "actually innocent." (R & R at 14.) To establish "actual innocence," Petitioner must show that it is more likely than not that a reasonable juror would not have convicted him in light of new evidence. (*Id.* at 14); *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Petitioner's speculation and hypothetical conclusions do not warrant this exception. (R & R at 14.) This Court will not weigh the strength of the evidence or speculate as to which piece of evidence the jury based its decision. Therefore, Petitioner fails to establish that there would be a miscarriage of justice if the procedural bar is not excused.

C.  **The Trial Court Properly Admitted the Animated Video**

Petitioner objects to the magistrate judge's finding that the animated video was admitted properly under state law. (Obj. at 6-7.) Petitioner argues that the animated video was admitted incorrectly and that it had no probative value at trial. (*Id.* at 7.) Animated videos are an acceptable demonstrative evidence tool. (R & R at 16.) "As long as the prosecution properly authenticates the animation and establishes that the probative value of the animation outweighs the danger of unfair

prejudice, computer-generated animation is admissible." (*Id.*); *People v. Yates*, 290 A.D.2d 888 (3d Dep't 2002). Indeed, the trial court held a hearing on the admissibility of the video and gave the jury a limiting instruction to view the video as only a demonstrative aid and not as substantive evidence. (R & R at 17; Trial Tr. at 38.) Therefore, the animated video was admitted properly.

**D.     The Ineffective Assistance of Counsel Claim is Meritless**

Lastly, Petitioner asserts that the magistrate judge did not apply the *Strickland* analysis appropriately to the ineffective assistance of counsel claim. (Obj. at 7-13.) Petitioner contends that defense counsel's failure to introduce the expert testimony of Mr. James Gannalo ("Gannalo") was the sole result of his misunderstanding of the law. (*Id.* at 7.) Petitioner argues that defense counsel failed to present an expert due to ignorance, not strategy. (*Id.* at 10.) Petitioner relies on *Harrington v. Richter*, in which the court held that expert witnesses can be essential to a case (*Id.*); *Harrington v. Richter*, 562 U.S. 86, 106 (2011). Petitioner also objects to the magistrate judge's reading of *People v. Hull* and *Woolley v. Rednour*, and the magistrate judge's rejection of Petitioner's cited child abuse cases as irrelevant. (*Id.* at 11-12.); *People v. Hull*, 71 A.D.3d 1336 (3d Dep't 2010); *Woolley v. Rednour,* 702 F.3d 411 (7th Cir. 2012).

In accordance with *Strickland*, the magistrate judge reviewed whether Petitioner had established that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. (R & R at 22); *Strickland*, 466 U.S. at 688, 692-94. The magistrate judge concluded that, even if counsel had misunderstood the law, such a misunderstanding would not have prevented counsel from calling a defense expert, and, therefore, counsel reasonably decided to cross-examine Hueske only. (R & R at 24.) By defense counsel's own admission in the appellate hearing, he stated, "I felt that I had enough firepower

9

and information and expertise from Mr. Gannalo's tutelage…that I didn't feel it was necessary to [call another expert]." (*Id.*) The magistrate judge concluded that Gannalo's testimony would not have presented a contrary theory to Hueske's theory at trial, and, thus, Gannalo's testimony may not have weakened the Government's expert testimony. (*Id.* at 25.) As the magistrate judge explained, counsel did not refrain unreasonably from calling an expert. Counsel himself stated that he had "enough firepower" to weaken the Government's testimony on cross-examination. (*Id.*) Because Gannalo would not have offered an alternative theory, counsel was not deficient in failing to call him. (*Id.* at 26.) It also is apparent from defense counsel's statement that he weighed the utility and effectiveness of calling an expert and declined to do so for strategic reasons. Such strategic choices do not constitute ineffective assistance of counsel. *See Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994) ("Actions or omissions by counsel that 'might be considered sound trial strategy' do not constitute ineffective assistance.") (quoting *Strickland,* 466 U.S. at 689).

Petitioner's reliance on *Harrington* is misplaced. Although Petitioner correctly points to the *Harrington* court's holding that expert testimony might be necessary in certain cases, the Second Circuit has explained that there is no "*per se* rule that requires trial attorneys to seek out an expert," even in child sexual abuse cases. *Gersten v. Senkowski,* 426 F.3d 588, 609 (2d Cir. 2005).

The magistrate judge's rejection of Petitioner's cited child sexual abuse case law is proper. Those cases are more egregious because counsel not only failed to present expert testimony, but also failed to consult an expert in the first place. (R & R at 27.) The courts in those cases found that the ineffective assistance of counsel claims had merit. Additionally, the psychological testimony in a child sexual abuse case is not analogous to crime reconstruction testimony. (*Id.* at 28.) Here, Petitioner did consult an expert and made the choice not to present him. (*Id.*)

Lastly, Petitioner takes issue with how the magistrate judge distinguished the cases of *Hull* and *Woolley*. In *Hull*, defense counsel attempted to introduce an alternative theory on cross-examination rather than call an expert. Here, Gannalo's testimony would not have put forth an alternative theory, but possibly might have weakened the Government's expert testimony. (*Id.* at 29.) Petitioner's conclusion that Gannalo's testimony would have "eviscerated all of Hueske's opinion" is speculative. In *Woolley*, counsel did not consider bringing in an expert, and, therefore, *Woolley* is not analogous to the present case. (*Id.* at 30.) Here, defense counsel contemplated bringing in a second expert, but chose not to. (*Id.*) Therefore, this Court finds that the magistrate judge properly applied the *Strickland* analysis and Petitioner's claim of ineffective assistance of counsel is meritless.

## **CONCLUSION**

For the reasons set forth above, the R & R is adopted in its entirety. The claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is denied. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. U.S.*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge